UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FERGUSON ENTERPRISES, INC.,
D/B/A LOUISIANA UTILITIES
SUPPLY, CO.

VERSUS

RCS CONTRACTORS, INC.

CIVIL ACTION

NUMBER 13-485-BAJ-SCR

**ORDER TO AMEND COMPLAINT**

Plaintiff's Complaint asserts subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1] Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is incorporated, and of the state in which it has its principal place of business. Thus, to properly allege the citizenship of a corporation, the party asserting jurisdiction must allege both each state of incorporation and the corporation's principal place of business. However, the plaintiff failed to sufficiently allege its own citizenship since it failed to allege its principal place of business.[2]

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[2] Plaintiff did sufficiently alleged the citizenship of the defendant, which indicates that it aware of need to allege both the
(continued...)

Therefore;

IT IS ORDERED that plaintiff shall have seven days to file an amended complaint which clearly alleges its citizenship.  **Failure to comply with this order may result in the complaint being dismissed without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, July 24, 2013.

　　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
state(s) of incorporation and the state where a corporation has its principal place of business.