UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FERGUSON ENTERPRISES, INC.            CIVIL ACTION
d/b/a LOUISIANA UTILITIES
SUPPLY CO.

VERSUS

RCS CONTRACTORS, INC.            NO.: 3:13-cv-00485-BAJ-SCR

## RULING, ORDER AND JUDGMENT

In this contract dispute, Plaintiff Ferguson Enterprises, Inc. d/b/a Louisiana Utilities Supply Co. ("Ferguson") seeks summary judgment against Defendant RCS Contractors, Inc. ("RCS"), pursuant to Federal Rule of Civil Procedure 56. (Doc. 12). RCS does not oppose Ferguson's request. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Oral argument is not necessary.

**I. BACKGROUND**

The undisputed evidence in the record establishes the following: on May 27, 1999, RCS entered into a credit agreement with Ferguson for the purchase and delivery of certain construction materials and supplies. (Doc. 12-3 at ¶ 3 (affidavit of Nicole Bonvillain); Doc. 12-4 at p. 1 (credit agreement)). Under the terms of the credit agreement, RCS agreed that all materials and supplies delivered by Ferguson would be paid "within 30 days of invoice date." (Doc. 12-4 at p. 1). RCS further agreed that it would: (1) "pay a 1½% per month service charge (APR 18%) on any portion of the account which is past due"; *and* (2) in the event of litigation for failure

to pay according to the terms of the agreement, "pay 25% of the outstanding balance as collection/attorney fees and all cost[s] of court." (Doc. 12-4 at p. 1).

Between April 27, 2011 and March 6, 2012, RCS placed several supply orders with Ferguson pursuant to the terms of the credit agreement. (Doc. 12-3 at ¶ 5). Ferguson fulfilled RCS's orders, and invoiced RCS for payment of the same. (*Id.* at ¶ 6; Doc. 12-5 at pp. 1–10 (Invoices)). However, despite receiving the supplies and invoices from Ferguson, RCS failed to make payment. (Doc. 12-3 at ¶ 7).

On May 20, 2013, Ferguson, through counsel, sent a demand letter to RCS seeking payment of RCS's outstanding "aggregate balance," which totaled $109,283.92. (Doc. 12-6 at p. 1 (demand letter); Doc. 12-7 (balance statement)). Still, RCS failed to pay. (Doc. 12-3 at ¶ 9). Thus, on July 24, 2013, Ferguson sued RCS in this Court for breach of contract, failure to pay an open account, and unjust enrichment under Louisiana law. (Doc. 4 ¶¶ 10–24 (First Amended Complaint)). After close of discovery, Ferguson filed the Motion for Summary Judgment that is the subject of this Order. (Doc. 11; Doc. 12).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

Under Louisiana law, actions on an open account are controlled by La. Rev. Stat. Ann. § 9:2781, which defines an open account as follows:

> "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions . . . .

La. Rev. Stat. Ann. § 9:2781. To recover debt owed on an open account, the creditor must prove: (1) the existence of a contract which gave rise to the debt; (2) that the debtor contracted for sales on the open account; and (3) the amount of debt owed.

3

*See Montgomery Stire & Partners, Inc. v. London Livery, Ltd.*, 1999-3145 (La. App. 4 Cir. 9/20/00), 769 So. 2d 703, 705–06.

The undisputed evidence in the record establishes that Ferguson is entitled to recovery under § 9:2781. RCS and Ferguson entered into a credit agreement on May 27, 1999, whereby RCS agreed that "purchases made shall be due and payable within 30 days of the invoice date." (Doc. 12-4 at p. 1). Thereafter, RCS contracted for various sales totaling $109,283.92, for which it did not pay. (Doc. 12-6 at p. 1; Doc. 12-7).

The only question remaining is damages. As indicated above, RCS owes Ferguson an account balance amounting to $109,283.92. Further, pursuant to the terms of the credit agreement, Ferguson is entitled "a 1½% per month service charge . . . on any portion of the account that is past due." (Doc. 12-4 at p. 1). Finally, the credit agreement provides that Ferguson is entitled to "25% of the outstanding balance as collection/attorney fees and all cost[s] of Court." (*Id.*).

In sum, the Court determines that Ferguson is entitled to recover **$109,283.92** (outstanding balance), *plus* **a service charge of 1½% per month** *from* May 20, 2013 (the date of Ferguson's demand letter) *until* judgment is satisfied, *plus* **$27,320.98** (collection/attorney fees comprising 25% of the outstanding balance). Ferguson's request for taxation of costs will be denied without prejudice. Pursuant to this Court's Local Rules, Ferguson may renew its

4

request for costs with proper documentation within 30 days of entry of judgment in this matter. *See* M.D. La. LR54.3.[1]

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Ferguson's **MOTION FOR SUMMARY JUDGMENT (Doc. 12)** is **GRANTED** *except* to the extent that it seeks recovery of costs. Should Ferguson choose, it shall file a schedule of reasonable costs for which it seeks reimbursement no later than 30 days from the date of entry of judgment in this matter, in accordance with this Court's Local Rules. *See* M.D. La. LR54.3. RCS shall then have an additional 7 days to submit "[s]pecific objections" to any costs claimed by Ferguson. *Id.* at LR54.4.

**IT IS FURTHER ORDERED** that **JUDGMENT SHALL BE ENTERED** in favor of Plaintiff Ferguson and against Defendant RCS in the amount of **$109,283.92 (outstanding balance),** *PLUS* **a service charge on the outstanding balance of 1½% per month** *FROM* **May 20, 2013** *UNTIL* **judgment is satisfied,** *PLUS* **$27,320.98 (collection/attorney fees).**

Baton Rouge, Louisiana, this 29th day of September, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] Because the Court determines that Ferguson is entitled to recovery under Louisiana's Open Account Statute, La. Rev. Stat. Ann. § 9:2781, it does not address Ferguson's claims for breach of contract and unjust enrichment.

5